**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

JOEL DAVID GARZA                                                          PLAINTIFF

v.                           No. 4:08CV03618 JLH

CITY OF RUSSELLVILLE, ARKANSAS;
TYRONE WILLIAMSON, individually and in
his capacity as Mayor of the City of Russellville;
and CHRISTI WILLIAMS, individually and in her
capacity as Human Resources Director of the
City of Russellville                                        DEFENDANTS

**OPINION AND ORDER**

Joel David Garza commenced this action in the Circuit Court of Pope County, Arkansas, alleging claims of libel, slander, false light invasion of privacy, and the tort of outrage. Garza also alleged:

> Defendants, acting under color of law and in bad faith, made defamatory statements, during and after the termination proceedings, resulting in a deprivation of due process rights guaranteed under the Fifth and Fourteenth Amendments of the Unites States Constitution and Arkansas Civil Rights Act pursuant to Ark. Code Ann. § 16-123-105.

Defendants removed this action from the Circuit Court of Pope County to this Court pursuant to 28 U.S.C. § 1441(b), asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court then *sua sponte* raised the issue of whether federal question jurisdiction existed in light of the fact that plaintiff alleged no cause of action under 42 U.S.C. § 1983 or any other federal statute. No cause of action for monetary damages arises under the Fourteenth Amendment apart from any statutory authority. *Magana v. N. Mariana Islands*, 107 F.3d 1436, 1441-42 (9th Cir. 1997); *Rodgers v. County of Yolo Sheriff's Dept.*, 889 F. Supp. 1284, 1287 (E.D. Cal. 1995). The Court asked the parties to brief the issue.

The defendants, who removed this action to this Court based on federal question jurisdiction, now say that federal question jurisdiction does not exist. They have asked the Court to dismiss the complaint.

Whether federal question jurisdiction exists is determined by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

Garza contends that the Court should construe the complaint to include a claim asserted under 42 U.S.C. § 1983 based on the decision of the Eighth Circuit in *Wax'n Works v. City of St. Paul*, 213 F.3d 1016 (8th Cir. 2007). In *Wax'n Works*, the Eighth Circuit said that a procedural due process claim implicates federal rights and can be treated as a claim for which § 1983 may provide relief. *Id*. at 1019. However, *Wax'n Works* did not address the issue of whether a complaint alleging violation of the Fifth and Fourteenth Amendments may be deemed to include a claim under 42 U.S.C. § 1983 when the complaint specifically states that relief is sought pursuant to a state civil rights statute without mention of the federal counterpart. Here, Garza filed his action in state court and expressly sought relief for the alleged constitutional violations pursuant to a state statute. Garza specified the statute upon which he relied, without mentioning 42 U.S.C. § 1983. Therefore, the Court does not believe that he intended to state a claim under 42 U.S.C. § 1983.[1] Garza was the

---

[1] The case would be different had he filed in federal court and simply failed to specify under which statute his claim arose. Under that circumstance, the Court might well conclude that he intended to state a claim under 42 U.S.C. § 1983 even if he had not so stated.

master of his claim, and his complaint relies exclusively on a state statute to provide a remedy for the alleged constitutional violation.

Garza now has filed a motion for leave to amend the complaint. His proposed amended complaint is substantially the same as the original complaint except that in the paragraph quoted above a reference to 42 U.S.C. § 1983 is added. The motion for leave to amend is DENIED. Document #30. The presence or absence of federal question jurisdiction is determined at the time of removal, even though subsequent events may change the situation with respect to jurisdiction. *Kansas Pub. Employees Ret. Sys. v. Reimer & Coger Assocs., Inc.*, 77 F.3d 1063, 1067-68 (8th Cir. 1996). A pleading filed after removal cannot vest the court with jurisdiction where jurisdiction was lacking at the time of the removal. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985).

The defendants urge the Court to dismiss the complaint in its entirety. It would be wholly unfair, however, for the defendants to be allowed to remove an action improperly and then have the action dismissed because the federal court was without jurisdiction. The appropriate course of action is to remand this case to the Circuit Court of Pope County, and that is what the Court will do.

IT IS SO ORDERED this 24th day of September, 2009.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE